**Helen F. Dalton & Associates, P.C.**
ATTORNEYS AT LAW

69-12 Austin Street, Forest Hills, NY 11375 • Tel.: 718-263-9591 • Fax: 718-263-9598

April 3, 2017

**Via ECF**

Honorable Magistrate Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10001

Re: **Leon Guzman, et al. v. Resa Marina Inc. d/b/a Seafood City, et al.**
    **Docket No.: 15-CV-8082**

Dear Judge Netburn:

    We represent the Plaintiffs in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement and Confession of Judgment, fully executed by the parties, memorialize the agreed upon terms from the settlement conference before Your Honor and are attached hereto as Exhibit 1. The parties believe that the Settlement Agreement represents a fair and reasonable resolution of this matter. We respectfully request the Court approve and So Order the Settlement Agreement.

    Plaintiff, Jose Alfredo Leon Guzman, originally filed the Complaint against the named Defendants on behalf of himself and all others similarly situated on October 15, 2015. The Complaint was amended on December 8, 2015, to include Plaintiffs Santiago Abad Garcia Garcia and Felix Dominguez. Additionally, the parties agreed to once again amend the Complaint in or around September 2016, allowing Plaintiffs Carlos Daniel Albornoz and Leticia Alcantara to join the matter.

    At all times in this matter, the corporate Defendant, RESA MARINA INC. d/b/a SEAFOOD CITY, has operated as a seafood restaurant located at 459 City Island Avenue, Bronx, New York 10464.

    Plaintiff, **Jose Alfredo Leon Guzman**, was employed as a food preparer by Defendants at Seafood City, from in or around June 2009 until in or around June 2015. Plaintiff alleges that he worked approximately six days per week for approximately twelve hours per day during the course of his employment for Defendants. As such, Plaintiff alleges that he worked approximately 72 hours per week during his employment for Defendants.

Plaintiff Guzman was paid approximately $9.00 per hour from Defendants during his employment. Plaintiff alleges that he did not receive payment for hours worked in excess of 40 hours per week. However, Plaintiff was entitled to receive overtime premium pay at one-and-a-half times his base salary for all hours worked over 40 hours each work week under the FLSA. Additionally, Plaintiff Guzman was entitled to spread of hours compensation under NYLL. Based on this information, we have calculated that Plaintiff Guzman is owed approximately $58,595.28 in unpaid overtime wages and spread of hours compensation in addition to liquidated damages in double the amount and statutory penalties.

Plaintiff, **Santiago Abad Garcia Garcia**, was employed as a food preparer by Defendants at Seafood City, from in or around January 2011 until in or around January 2012 and again from in or around March 2013 until in or around December 2014. Plaintiff alleges that he worked approximately six days per week for approximately twelve hours per day during the course of his employment for Defendants. As such, Plaintiff alleges that he worked approximately 72 hours per week during his employment for Defendants.

Plaintiff Garcia was paid approximately $7.25 per hour from Defendants from in or around January 2011 until in or around January 2012, approximately $7.25 per hour from March 2013 until in or around December 2013, approximately $8.00 per hour from in or around January 1, 2014 until in or around December 2014. Plaintiff alleges that he did not receive payment for hours worked in excess of 40 hours per week. However, Plaintiff was entitled to receive overtime premium pay at one-and-a-half times his base salary for all hours worked over 40 hours each work week under the FLSA. Additionally, Plaintiff Garcia was entitled to spread of hours compensation under NYLL. Based on this information, we have calculated that Plaintiff Garcia is owed approximately $23,648.29 in unpaid overtime wages and spread of hours compensation in addition to liquidated damages in double the amount and statutory penalties.

Plaintiff, **Felix Dominguez**, was employed as a busboy by Defendants at Seafood City, from in or around February 2009 until in or around August 2010. Plaintiff alleges that he worked approximately six days per week for approximately twelve hours per day during the course of his employment for Defendants. As such, Plaintiff alleges that he worked approximately 72 hours per week during his employment for Defendants.

Plaintiff Dominguez was paid approximately $7.25 per hour from Defendants during his employment. Plaintiff alleges that he did not receive payment for hours worked in excess of 40 hours per week. However, Plaintiff was entitled to receive overtime premium pay at one-and-a-half times his base salary for all hours worked over 40 hours each work week under the FLSA. Additionally, Plaintiff Dominguez was entitled to spread of hours compensation under NYLL. Based on this information, we have calculated that Plaintiff Dominguez is owed approximately $6,215.71 in unpaid overtime wages and spread of hours compensation in addition to liquidated damages in double the amount and statutory penalties.

Plaintiff, **Carlos Daniel Albornoz**, was employed as a cook by Defendants at Seafood City, from in or around August 2011 until in or around June 2015. Plaintiff alleges that he worked approximately six days per week for approximately twelve hours per day for the months of May through September during the course of his employment for Defendants. Plaintiff also alleges that he worked approximately six days per week for approximately nine hours per day for the months of October through April during the course of his employment for Defendants. As such, Plaintiff alleges that he worked approximately 72 hours per week for the months of May through September during his employment for Defendants and approximately 54 hours per week for the months of October through April during his employment for Defendants.

Plaintiff Albornoz was paid approximately $9.50 per hour from Defendants during his employment. Plaintiff alleges that he did not receive payment for hours worked in excess of 40 hours per week. However, Plaintiff was entitled to receive overtime premium pay at one-and-a-half times his base salary for all hours worked over 40 hours each work week under the FLSA. Based on this information, we have calculated that Plaintiff Albornoz is owed approximately $19,581.02 in unpaid overtime wages in addition to liquidated damages in double the amount and statutory penalties.

Plaintiff, **Leticia Alcantara**, was employed as a cleaner and food preparer by Defendants at Seafood City, from in or around April 2013 until in or around August 2015. Plaintiff alleges that she worked approximately six days per week for approximately twelve hours per day for the months of April through November during the course of her employment for Defendants. Plaintiff also alleges that she worked approximately six days per week for approximately nine hours per day for the months of December through March during the course of her employment for Defendants. As such, Plaintiff alleges that she worked approximately 72 hours per week for the months of April through November during her employment for Defendants and approximately 54 hours per week for the months of December through March during her employment for Defendants.

Plaintiff Alcantara was paid approximately $7.25 per hour from in or around April 2013 until in or around December 2013 and approximately $8.00 per hour from in or around January 2014 until in or around August 2015. Plaintiff alleges that she did not receive payment for hours worked in excess of 40 hours per week. However, Plaintiff was entitled to receive overtime premium pay at one-and-a-half times his base salary for all hours worked over 40 hours each work week under the FLSA. Additionally, Plaintiff Alcantara was paid below minimum wage from in or around January 2015 until in or around August 2015. Plaintiff Alcantara was also entitled to spread of hours compensation under NYLL. Based on this information, we have calculated that Plaintiff Alcantara is owed approximately $17,487.56 in unpaid minimum wage, overtime wages and spread of hours compensation in addition to liquidated damages in double the amount and statutory penalties.

As a result, Plaintiffs made a global demand of $325,000.00 at the Settlement Conference before Your Honor.

Though Plaintiffs claimed over $325,000.00 in damages should they prevail on all their claims, Plaintiffs recognize that there would be risks to proceeding through trial, such as the dispute between the hours each Plaintiff worked, the number of days each Plaintiff worked, the hourly wages received by each employee throughout each year, etc. For example, Defendants produced a sampling of time cards that tend to show Plaintiffs may have worked less hours than alleged. Defendants also offer testimonial evidence concerning the seasonal nature of the business, the hours of operation and staffing levels, all of which, if credited, would support Defendants' position that Plaintiffs were properly paid for all hours worked. Therefore, after acknowledging these risks, Plaintiffs agreed to settle at $125,000.00 so as to avoid the inherent risks contained in continuing to trial.

As such, Plaintiffs will receive the following amounts, less any tax withholdings and deductions:

| | |
|---|---|
| Jose Alfredo Leon Guzman | $24,791.53 |
| Santiago Abad Garcia Garcia | $16,527.66 |
| Felix Dominguez | $8,263.83 |
| Carlos Daniel Albornoz | $16,527.66 |
| Leticia Alcantara | $16,527.66 |

Plaintiffs believe that these amounts are fair and reasonable, as they are based on the Plaintiffs' calculations of damages and the amount of time that each Plaintiff worked for Defendants.

Plaintiffs' counsel respectfully requests 1/3 of the settlement amount, or $41,666.66 in attorneys' fees, as agreed upon in Plaintiffs' retainer agreement with this firm. Plaintiffs' counsel also respectfully requests $695.00 in attorneys' expenses related to this matter. These expenses include the following approximate costs: Southern District of New York filing fee ($400.00) and service of process through Anke Judicial Services ($295.00). Therefore, the total amount to be paid to the attorneys in this matter is $42,361.67.

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC,* 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiffs are seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

The parties note the Settlement Agreement contains mutual general releases. Though *Cheeks* cautions against the use of broad FLSA releases in certain circumstances, courts have found mutual general releases negotiated by counsel between an employer and former employees to be permissible post-*Cheeks*. *See e.g., Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *5-6 (S.D.N.Y. Nov. 6, 2015); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016). The parties submit that releases here are not the result of employer overreach, but rather an arms-length resolution reached with the assistance of counsel and the Court. As such, the releases are also fair and reasonable.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

Roman Avshalumov, Esq.
*Attorney for Plaintiffs*